

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-39,597-13

### EX PARTE MANUEL LUPE RIOS, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W90-54752-U(C) IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to fifty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Rios v. State*, No. 05-96-01074-CR (Tex. App.—Dallas 1998, pet. dism'd).

We received this application on May 7, 2014. Page six from the 11.07 form, the page for Applicant's first ground, was not forwarded with the record. We have no reason to doubt that when he mailed his application to Dallas County, Applicant included page six. Indeed, the State's

response and the trial court's findings of fact and conclusions of law both state that Applicant raised actual innocence in his first ground.

The District Clerk's failure to forward complete records to this Court is not new. We have even remanded habeas applications for live evidentiary hearings in response to the District Clerk's practices and policies.[1] Yet the District Clerk, Gary Fitzsimmons, continues to forward incomplete records. For example, we recently remanded Applicant's -12 application, a companion case, and ordered Fitzsimmons to file a response and explain why Applicant's memorandum was not forwarded with the record. Fitzsimmons responded that Applicant filed a memorandum with his application, but the memorandum, he said, "was not labeled with the correct case number(s)." He also said that he eventually located Applicant's memorandum under the felony cause number, not the writ number.

We are not persuaded by Fitzsimmons's explanation. Applicant filed a memorandum with the -13 application, and although he put the cause number from the judgment on the first page of his memorandum, his memorandum *was* forwarded with that record. We also question why a document titled, "Memorandum in support of application for Writ of Habeas Corpus," with the cause number from the underlying judgment, would not be received and filed as part of the habeas record.

Fitzsimmons shall forward page six from Applicant's 11.07 form within fifteen days of the date of this order. This application will be held in abeyance until the record is supplemented. No extensions will be granted.

Filed: September 17, 2014
Do not publish

---

[1]*Ex parte Watson*, No. WR-75,170-03 (Tex. Crim. App. May 22, 2013); *Ex parte Subia*, Nos. WR-79,511-01 & 79,511-02 (Tex. Crim. App. May 22, 2103); *Ex parte Rogers*, No. WR-62,774-02 (Tex. Crim. App. May 22, 2013).